UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:17-cr-202-J-39JBT

ASHISH BAHL

**UNITED STATES' CONSENT MOTION
FOR FORFEITURE MONEY JUDGMENT**

The United States moves the Court, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2), to enter a forfeiture money judgment against the defendant in the amount of $135,396.06, representing the amount of proceeds the defendant obtained as a result of his participation in a conspiracy to commit wire fraud. Upon entry, the order of forfeiture will be final as to the defendant. In support thereof, the United States submits the following memorandum of law.[1]

---

[1] It is anticipated that the defendant will remit the sum of $135,396.06 to the United States at the sentencing hearing; however, the Forfeiture Money Judgment will still be required to forfeit that sum. If the defendant does remit payment at sentencing, the United States will thereafter file a notice of satisfaction of the Forfeiture Money Judgment.

# MEMORANDUM OF LAW

I. **Statement of Facts**

1. On October 17, 2017, an Information was filed which charged the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. Doc. 1. The Information also contained forfeiture allegations, which provided notice to the defendant that the United States would seek to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to said violation. Specifically, the United States sought forfeiture of a money judgment in the amount of $135,396.07. *Id.* at 7.

2. On October 18, 2017, the defendant pled guilty to Count One of the Information before United States Magistrate Judge Joel B. Toomey, who recommended that the defendant's plea be accepted. Docs. 10, 14. On November 8, 2017, United States District Judge Brian J. Davis accepted the defendant's plea, adjudicated him guilty and set the defendant's sentencing for February 1, 2018. Doc. 19.

3. In paragraph 13 of his Plea Agreement, the defendant agreed to forfeit all property subject to forfeiture. He specifically agreed to the forfeiture of a money judgment in the amount of $135,396.06 in proceeds he obtained, unless he paid this amount before sentencing. Additionally, the

defendant consented to the filing of a motion by the United States for immediate entry of a Forfeiture Money Judgment.   Doc. 10, p. 10.

## II.     Applicable Law

The United States is entitled to the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.   The United States may civilly forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds of any "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), which includes a violation of 18 U.S.C. § 1343 (wire fraud), or a conspiracy to commit such offense.   Because the United States is entitled to civilly forfeit the proceeds obtained in a conspiracy to commit a violation of section 1343, it may criminally forfeit the proceeds pursuant to 28 U.S.C. § 2461(c), which authorizes the criminal forfeiture of any property that can be forfeited civilly, using the procedures set forth in 21 U.S.C. § 853.

## III.    Factual Basis

In the Factual Basis of his Plea Agreement, the defendant admitted, among other things, that he engaged in fraudulent business activities related to the "SunTrust Bank" (SunTrust) building, a business condominium (condo). Parador Partners LLC (Parador) purchased a majority interest in the building and oversaw the property management company for the condo association.

Parador contracted with Riverwatch management (Riverwatch) to manage the SunTrust building.

The defendant significantly inflated special assessments for various building expenses and lead other condo owners to believe that the invoices that they were being presented with were correct. The defendant, with the assistance of others, would make agreements with contractors to submit an inflated invoice for various special assessment maintenance issues, which were paid by Riverwatch as if the inflected expenses were correct. As a part of an agreement with the contractor, the contractor would "kick-back" the majority of the invoiced amount to another of the defendant's companies, Dellwood Associates.

The cumulative dollar amount of fraud proceeds received by the defendant totals approximately $135,396.06.

## IV. Conclusion

WHEREFORE, the United States respectfully requests that this Court enter a Forfeiture Money Judgment against the defendant for the $135,396.06 in proceeds he fraudulently obtained as a result of his participation in the conspiracy. If the defendant does not remit the sum of $135,396.06 at sentencing, the United States further requests the Court to make a finding that because the $135,396.06 was dissipated by the defendant, the United States

may seek as a substitute asset, forfeiture of any of the defendant's property up to the value of $135,396.06, pursuant to 21 U.S.C. § 853(p).

The United States further requests the Court to include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment, as required by Rule 32.2(b)(4)(B). *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   *s/ Bonnie A. Glober*
        BONNIE A. GLOBER
        Florida Bar No. 0748307
        Assistant United States Attorney
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone: (904) 301-6300
        Facsimile:  (904) 301-6310
        E-mail: bonnie.glober@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Allan F. Brooke, II, Esquire
    David O. Barksdale, esquire

        By:    *s/ Bonnie A. Glober*
                  BONNIE A. GLOBER
                  Assistant United States Attorney